LUIS GONZÁLEZ PERALTA, Petitioner and Appellee, v. MUNICIPAL COURT OF SAN JUAN, THIRD SECTION, Respondent; IRMA LÓPEZ CEPERO, Intervener and Appellant.

No. 9171. Argued December 26, 1945.—Decided February 7, 1946.

*Carlos D. Vázquez* for appellant. *Fernando Ruiz Suria* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Irma López Cepero, owner of a house situated in Barrio Obrero, brought an action of unlawful detainer in the Municipal Court of San Juan, Third Section, against her tenant Luis González Peralta for failure to pay the lease rental. On December 6, 1944, the municipal court rendered judgment against the defendant and the latter appealed to the District Court of San Juan on the 12th of the same month and year.

On January 25, 1945, the plaintiff sought the dismissal of the appeal on the ground that it had not been taken in accordance with the law.

On February 5 the plaintiff appeared at the hearing of the motion for dismissal and presented a certificate from the clerk of the municipal court stating that the appellant had not furnished the bond required by law and had failed to deposit the rentals due at the time of the rendition of the judgment.

The district court issued an order, on February 13, dismissing the appeal under § 632 of the Code of Civil Procedure, as amended by Act No. 170 of May 9, 1942 (Laws of 1942, p. 888), and the cases of *Moore* v. *District Court,* 60 P.R.R. 714, and *Jiménez* v. *Berríos, per curiam* decision of April 10, 1942 (60 *D.P.R.* 938).

On February 23, 1945, the plaintiff moved the municipal court to issue an order of eviction against the defendant and the court granted the motion, whereupon the defendant was evicted on February 24, 1945.

On March 1, 1945, the district court, on petition of the defendant, issued a writ of certiorari and ordered the municipal court to send up the record for review, and on the 13th of that same month it granted the writ and annulled the order issued by the Municipal Court of San Juan, the order of the clerk, and the action of the marshal because, in its opinion, the statutory period of 40 days to evict the defendant should have been computed from the dismissal of the appeal, that is, from February 13.

The respondents have appealed from than judgment, alleging that the lower court erred in deciding that in an action of unlawful detainer the appeal is perfected even though the defendant fails to furnish bond and to deposit the lease rentals due at the time of the rendition of the judgment; in issuing the writ of certiorari without the defendant having availed

himself of other remedies in the municipal court against the order appealed from; and in granting a writ of certiorari which served no practical purpose, thereby annulling a judgment that had already been executed.

 Assuming, without deciding, that the lower court did not commit the first two errors assigned, it is our opinion that it did commit the third one.

We have held that a writ of certiorari does not lie to correct errors which, even in the event that they were committed, are acts already performed and would give rise to orders which practically could not be executed, *The Estate of Vall* v. *Muñoz*, 14 P.R.R. 331; *Aguayo Brothers & Co.* v. *Cuevas Zequeira*, 24 P.R.R. 640, and particularly the case of *Meléndez* v. *Municipal Court*, 40 P.R.R. 885, where a judgment in an unlawful detainer proceeding having been executed, we held that: "In any event, once the judgment in the unlawful detainer proceeding was executed, it does not seem that a writ of certiorari would serve any practical purpose."

In the case at bar it is an admitted fact that when the petition for certiorari was filed in the lower court, the petitioner had already been evicted from the house which he occupied at the time of the execution of the judgment of unlawful detainer. This happened on February 24, 1945. When the lower court finally annulled the order of ejectment on March 13, what practical purpose did it serve the petitioner? None, in our opinion, for the judgment of the lower court could not have the effect of reinstating the defendant in the possession of the house and no such thing was ordered therein.

Furthermore, assuming that the order of eviction should have been issued prior to the expiration of the forty days when a judgment in unlawful detainer becomes final (*firme*), there is no doubt whatsoever that now, after a year has elapsed, the plaintiff would be entitled to obtain a new order of eviction.

If the petitioner was illegally evicted from the house and by reason thereof sustained damages, he has a remedy at law against the plaintiff for the recovery of said damages, and the record discloses that he has availed himself of such remedy in an action for damages.

The order appealed from must be reversed.